UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DXC TECHNOLOGY SERVICES LLC,<br><br>    Plaintiff/Counterclaim-Defendant<br><br>    v.<br><br>OMNICOM GROUP INC.,<br><br>    Defendant/Counterclaim-Plaintiff<br><br>SIEGEL & GALE LLC<br><br>    Counterclaim Plaintiff<br><br>DOREMUS AND COMPANY<br><br>    Counterclaim-Plaintiff<br><br>PORTER NOVELLI<br><br>    Counterclaim-Plaintiff | Case No.: 1:19-cv-07021-RA<br><br>ECF Case<br><br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF <u>CONFIDENTIAL INFORMATION</u>**<br><br>Application granted.<br>SO ORDERED.<br><br>_____<br>Hon. Ronnie Abrams<br>8/6/2020 |

This matter having come before the Court by stipulation of plaintiff/counterclaim-defendant DXC Technology Services LLC, defendant/counterclaim-plaintiff Omnicom Group Inc., and counterclaim-plaintiffs Siegel & Gale LLC, Doremus and Company, and Porter Novelli (each a "**Party**" and together the "**Parties**") for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any Party and its respective counsel or by any non-Party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

1

**IT IS HEREBY ORDERED THAT:**

1. This Stipulation and Order of Confidentiality (the "**Stipulation**") is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment.

2. As used herein:

(a) "**Confidential Information**" shall mean trade secrets, proprietary business information, competitively-sensitive information, or other information the disclosure of which would, in the good faith judgment of the Designating Party, be detrimental to the conduct of that Designating Party's business or the business of any of that Designating Party's customers or clients.

(b) "**Designating Party**" shall mean a Party or non-Party that designates Disclosure Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

(c) "**Disclosure Material**" shall mean any items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, *inter alia*, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

(d) "**Highly Confidential—Attorneys' Eyes Only Information**" shall mean any Confidential Information that, in the good faith judgment of the Designating Party, is so competitively sensitive that it could cause competitive harm to the Designating Party or parties to whom the Designating Party owes duties of confidentiality if disclosed to another Party or non-Party in this action. The parties acknowledge that, for purposes of this Stipulation and Order, the parties are not competitors.

(e) "**Protected Material**" shall mean any Disclosure Material that is exchanged in the course of the action that has been designated by the Designating Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(f) "**Producing Party**" shall mean any Parties or non-Parties producing Disclosure Material in connection with this action.

(g) "**Receiving Party**" shall mean any Parties or non-Parties receiving Disclosure Material in connection with this action.

3. Except as otherwise provided herein, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before or at the time that the material is disclosed or produced.

4. Designation in conformity with this Stipulation requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that will be produced. For information in electronic form that cannot have a legend affixed to each page (e.g., excel files produced in native format), the Producing Party will produce the materials with a slip-sheet containing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation.

(b) For information produced in some form other than documentary form and for any other tangible items, Protected Material shall be designated and/or categorized by the Producing Party in a writing provided to the Receiving Party at the time of production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(c) For deposition exhibits, portions of deposition testimony, or any video recording of a deposition proceeding, any Party or non-Party may designate as Protected Material deposition exhibits or portions of deposition testimony by informing the opposing party on the record during the deposition or by sending a writing to all counsel of record within fourteen days after the reporter makes the final uncorrected deposition transcript available to all parties designating the transcript, or any portions thereof, and any exhibits as Protected Material. If all or a portion of a proceeding is videotaped, the video recording will have the same level of protection that is designated by a Party for the transcript of the proceeding.

Unless otherwise agreed by the parties, during the fourteen-day period following first availability of the final uncorrected deposition transcript, the parties shall treat deposition exhibits, the deposition transcript, and/or the video recording in their entirety as if they had been designated as "CONFIDENTIAL," except that if such materials or any portion(s) thereof have been designated on the record at the deposition as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," then the parties shall treat such materials or the relevant portion(s) thereof in accordance with such designation.. After the expiration of that period, the deposition exhibits, the deposition transcript, or the video recording shall be treated as actually designated. If no designation is made within the fourteen-day period, the materials shall be considered to not contain any Protected Material, with the exception that the use of a document as an exhibit at a deposition shall not any way affect its earlier designation by a Designating Party as Protected Material.

5. A Receiving Party may, at any time, notify a Producing Party that the Receiving Party does not concur in the designation of a document or other material as Protected Material (the

4

"**Challenged Material**").  If the Producing Party does not agree to remove such designation from the Challenged Material, the Receiving Party may move the Court for an order removing such designation.  Unless and until the Court grants such a motion, the Parties shall continue to treat the Challenged Material as Protected Material.

6. Except with the prior written consent of the Producing Party or by order of the Court, a Receiving Party shall not furnish, show, reveal, disclose, or discuss Protected Material designated as "CONFIDENTIAL" (or any extracts or summaries thereof) to any person or entity except to:

(a) the Receiving Party, including officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense in the action and who have been advised of their obligations hereunder;

(b) outside or in-house counsel for the Receiving Party, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of the action and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses, consultants, or mock jurors retained by the Receiving Party or its counsel to furnish technical, expert, or other services in connection with this action or to give testimony at a trial of this action or other proceeding herein, provided that such witness, consultant, or mock juror has signed the Non-Disclosure Agreement attached hereto as Exhibit A;

(d) the Court and court personnel, if filed in accordance with paragraph 9 hereof;

(e) an officer before whom a deposition or testimony is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

(f) persons to whom the Receiving Party or its counsel believes in good faith are likely to be called to give testimony, through deposition, affidavit, or at trial, on information contained in Protected Material, provided that such person has signed the Non-Disclosure Agreement attached hereto as Exhibit A;

(g) trial and deposition witnesses, provided that such person has signed the Non-Disclosure Agreement attached hereto as Exhibit A. In the event a witness refuses to sign the Non-Disclosure Agreement, the witness may not be shown the Protected Material absent an order from the Court;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions, provided such mediator or settlement officer, and their supporting personnel, have signed the Non-Disclosure Agreement attached hereto as Exhibit A; and

(j) any other person agreed to by the Parties.

7. Except with the prior written consent of the Producing Party or by order of the Court, a Receiving Party shall not furnish, show, reveal, disclose, or discuss Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (or any extracts or summaries thereof) to any person or entity except to the persons and entities identified in Paragraphs 6(b)-(j). However, a Receiving Party may disclose Protected Material designated as

6

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to a person identified in Paragraphs 6(f) and 6(g) only to the extent that the Receiving Party reasonably believes that such disclosure is necessary for such person's preparation or testimony, and provided that such person has signed the Non-Disclosure Agreement attached hereto as Exhibit A.

8. Disclosure Material shall be utilized by the Receiving Party and its counsel only for purposes of this action and any appeals thereto and for no other purposes (including not for any business, commercial, or competitive purpose).

9. The limitations on disclosure in this Stipulation shall not apply to any Protected Material offered or otherwise used by a Party at trial or any open-court hearing or proceeding except as provided in this paragraph. Where a Party desires to use Protected Material at trial or in any open-court hearing prior to which the parties agree or are required to exchange exhibit lists, the Party desiring to offer or use such Protected Material shall utilize its best efforts to meet and confer in good faith with the Producing Party within a reasonable period of time before the trial or hearing to discuss ways to redact the Protected Material to address the Producing Party's confidentiality concerns. If the Parties are unable to resolve a dispute related to such Protected Material, then the Producing Party bears the burden of requesting relief from the Court. A Party's failure to meet and confer as set forth in this Paragraph shall not be used as a basis to preclude that Party from offering or using Protected Material at trial or any open-court hearing or proceeding, or from showing Protected Material to the Court or using Protected Material with any witness at trial or in any open-court hearing or proceeding.

10. A Receiving Party who seeks to file with the Court any Protected Material, or any document that reproduces, paraphrases, or discloses Protected Material, may do so only in

accordance with the Court's Individual Rules of Practice for the filing of sealed or redacted documents.

11. Any document or information that may contain Protected Material that has been inadvertently produced without identification as to its confidential nature as provided in paragraph 4 of this Stipulation, may be so designated by the Producing Party by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" within a reasonable time following the discovery that the document or information has been produced without such designation. The inadvertent production of Disclosure Material that should have been designated as Protected Material shall not be deemed a waiver of any claim of confidentiality.

12. The inadvertent production of privileged documents shall not be deemed a waiver of any applicable privilege. Any inadvertent or mistaken disclosure of privileged information ("**Inadvertently-Produced Information**") shall be treated in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently-Produced Information, the Producing Party shall request the return of the Inadvertently-Produced Information by identifying in writing the Disclosure Material so inadvertently produced and the basis for withholding such Disclosure Material from production. If a Producing Party requests the return of the Inadvertently-Produced Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return, destroy, or sequester the Inadvertently-Produced Information (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates such material. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefore in writing within seven days of receipt of the Producing Party's notification. The Parties shall

thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether privilege applies. The Producing Party must preserve the Inadvertently-Produced Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use such information for any purpose until the dispute is resolved. If a Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall within a reasonable period of time notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

13. The production or disclosure of Protected Material shall in no way constitute a waiver of any Party's right to object to the production or disclosure of other information in this action or any other action.

14. This Stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation or any provisions hereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, the Court's Individual Practices, or other applicable law.

15. Absent written consent of all Parties, this Stipulation shall continue to be binding after the conclusion of this action, except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed or presented under seal); and (b) a Party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modification of the Stipulation or a portion hereof.

16. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Within sixty days after the final termination of this action by settlement or exhaustion of all appeals, all Protected Material produced or designated and all reproductions thereof, shall be returned to the Designating Party that produced such material or shall be destroyed, at the option of the Designating Party. In the event that the Designating Party requests that physical objects or documents be destroyed, the Receiving Party shall, upon request, certify that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding the foregoing, counsel of record for the Receiving Party may retain a complete set of all court filings, transcripts, exhibits, and other documents produced or exchanged in this action, and a Receiving Party may retain any electronic records that would be unduly burdensome to locate and destroy, which records shall continue to be protected by the provisions of this Stipulation. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

18. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of any Party to move for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information.

Dated: August 5, 2020

**THOMPSON HINE LLP**                              **MILBANK LLP**

By:/s/David A. Wilson                              By:/s/Aaron L. Reneger (w/ permission)
   David A. Wilson (admitted *pro hac vice*)      Aaron L. Renenger
   Renee Zaytsev                                John P. Estep

   335 Madison Avenue                           1850 K Street NW, Suite 1100
   New York, NY 10017                           Washington, DC 20006

| | |
|---|---|
| (212) 344-5680 | (202) 835-7500 |
| David.Wilson@ThompsonHine.com | arenenger@milbank.com |
| Renee.Zaytsev@ThompsonHine.com | jestep@milbank.com |
| | |
| *Attorneys for Plaintiff/Counterclaim-Defendant* | *Attorneys for Defendant/Counterclaim-Plaintiffs* |

**SO ORDERED:**

_____
Honorable Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DXC TECHNOLOGY SERVICES LLC,<br><br>        Plaintiff/Counterclaim-Defendant<br><br>  v.<br><br>OMNICOM GROUP INC.,<br><br>        Defendant/Counterclaim-Plaintiff<br><br>SIEGEL & GALE LLC<br><br>        Counterclaim Plaintiff<br><br>DOREMUS AND COMPANY<br><br>        Counterclaim Plaintiff<br><br>PORTER NOVELLI<br><br>        Counterclaim Plaintiff | Case No.:  1:19-cv-07021-RA<br><br>ECF Case<br><br><br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "**Stipulation**") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

1

2

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Protected Material that is disclosed to me.

8.      I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Protected Material.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Dated:

_____