```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
DXC TECHNOLOGY SERVICES LLC,                                           :
                                                                       :
                              Plaintiff,                               :
                                                                       :         19-CV-7021 (JPC)
             -v-                                                       :
                                                                       :              ORDER
OMNICOM GROUP, INC. et al.,                                            :
                                                                       :
                              Defendants.                              :
                                                                       :
----------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2020

JOHN P. CRONAN, United States District Judge:

By letter dated December 9, 2020, Plaintiff DXC Technology Services LLC moved to file a letter-motion for an informal conference to compel discovery in redacted form and to file an exhibit to that letter under seal. (Dkt. 50.) The same day, Plaintiff filed the letter motion under seal and in redacted form. (Dkts. 51, 52.) By letter dated December 14, 2020, non-party Unisys Corporation filed a letter in support of Plaintiff's request to seal. (Dkt. 55.) Also on December 14, 2020, Unisys and Defendant Omnicom Group, Inc. each filed a response to Plaintiff's letter-motion requesting an informal conference regarding the discovery disputes. (Dkts. 56, 57.) The Court will first address the motion to seal and then will address the letter-motion for an informal conference pursuant to Local Civil Rule 37.2.

In *Lugosch v. Pyramid Co. of Onondaga*, the Second Circuit laid out a three-step process for determining whether a court may seal certain documents. 435 F. 3d 110, 119–20 (2d Cir. 2006). First, the court must determine whether the documents at issue are "judicial documents," to which a presumption of access attaches. *Id.* at 119. Second, it must determine "the weight of that presumption," which is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."

*Id.*  Finally, the court must "balance competing considerations" that weigh against the presumption. *Id.* at 120 (internal quotations and citation omitted).  These include "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure."  *Id.* (internal quotations and citations omitted).

The documents submitted here are judicial documents because they "are in support of a motion to compel discovery and presumably will be necessary to or helpful in resolving that motion."  *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608 (PKC) (JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014).  The weight of the presumption of access, however, is "not particularly great" because these documents "are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party."  *Id.*  And finally, the parties have advanced compelling competing concerns that weigh against any presumption in favor of access.  Plaintiff and Unisys are competitors, and the documents at issue include "confidential proprietary business information" regarding "how Unisys manages its projects" and "the performance factors Unisys considers important in its management."  (Dkt. 55 at 3.)  The Court finds that these document therefore meet the *Lugosch* standard for sealing and redaction.  *See, e.g.*, *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (allowing parties to file documents under seal "because they include confidential business information . . . the disclosure of which would cause competitive harm").

Next, the Court turns to Plaintiff's motion to compel discovery.  Plaintiff seeks to compel from Defendant and Unisys two categories of documents: (1) "[s]tatus reports, issue logs, presentations, and other reports reflecting Omnicom's performance under its contract with Unisys and any obstacles faced by Uniusys in its own performance"; and (2) "communications about the foregoing performance issues and/or obstacles, including communications relating to any default notices or other performance complaints."  (Dkt. 52 at 3.)

In its letter dated December 14, 2020, Omnicom stated that it is "willing to produce" the first category of documents. (Dkt. 57 at 3.) It therefore asks the Court to deny Plaintiff's first request as moot. *Id.* Unisys echoed this in its letter. (Dkt. 56 at 2.) Furthermore, it appears that on December 7, 2020, Defendant informed Plaintiff that it "was confirming the completeness of its document production, and evaluating [Plaintiff's] request that [Defendant] expand its production, and would get back to [Plaintiff] soon, likely within a couple of days." (Dkt. 57 at 2.) Unisys also claims that Plaintiff "prematurely" filed its letter-motion requesting a conference. (Dkt. 56 at 2.)

The Court GRANTS Plaintiff's request for an informal conference pursuant to Local Civil Rule 37.2 and 5.C of the Court's Individual Rules. The Court will conduct the conference by teleconference on January 11, 2021 at 10:30 a.m. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.

In light of the fact that several of the disputes appear to be resolved, within two weeks of the filing of this Order, the parties are ORDERED to meet and confer, in person or by telephone, in good faith in an effort to resolve these disputes. The Court is hopeful that many of the disputes have been or will be resolved without the need for Court involvement.

By January 6, 2021, the parties shall file a joint letter, no more than three pages in length, updating the Court on the result of the meet-and-confer. The letter shall also indicate if any discovery disputes remain and, if so, the documents for which Plaintiff wishes to compel production.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 50 and Dkt. 51.

SO ORDERED.

Dated: December 16, 2020
      New York, New York
                                      JOHN P. CRONAN
                                  United States District Judge